## NEW YORK CENTRAL RD CO v REILLY, Admr

Ohio Appeals, 6th Dist, Lucas Co

No 2843. Decided Jan 8, 1934

Doyle & Lewis, Toledo, for plaintiff in error.

Kirkbride, Boesel, Frease & Cole, Toledo, and Ernest C. Reniff, Chicago, Ill., for defendant in error.

## OPINION

By LLOYD, J.

As we view the record, there was sufficient evidence to warrant and require submission to the jury of the issues involved in the action, but that the verdict and judgment are manifestly against the weight of the evidence not only with reference to the primary issues but also as to the amount of the damages awarded.

The misconduct of which complaint is made arose out of a dispute as to whether a physician called by plaintiff in error was in the court room prior thereto, contrary to an order excluding prospective witnesses from the court room until after testifying. The physician stated that he had not theretofore been in the court room. The truthfulness of this statement was challenged by counsel for defendant in error, who said:

. "I state to Your Honor on professional word that Dr. Brown was seated in rear of court room during Dr. Kreft's second examination, I object to any examination on part of Dr. Brown."

Without further comment by court or counsel, the witness proceeded with his testimony. Counsel for defendant in error did not except to his so proceeding, nor did the court do or say anything, the witness continuing his testimony without further interruption. We refer to this incident only to express our disapproval of that method of procedure and to suggest that a trial should be conducted without presenting for its possible effect on the minds of jurors irrelevant matters in which the jury should not be concerned and which bear no relation to the merits of the questions to be decided. If the controverted fact was considered of real importance, it could have been quietly called to the court's attention and the jury thereupon requested to retire while the matter was considered and determined.

Albert Denton, who accompanied Reilly to and from the train, testified in chief that "we continued down the runway perhaps 100 feet when Solon stumbled in the hole and fell." Objection being interposed, the court said:

"He is telling what he saw. He is giving it in narration form and telling what he saw. You may proceed."

Denton had already testified that Reilly was "behind him", so that it was impossible for Denton, unless he looked back, which he did not pretend to have done, to have seen Reilly stumble or fall. No exception was taken to the ruling or statement of the court, but it is patent that the answer purporting to state an observed fact was erroneous and that the statement of the court was equally inappropriate and out of place. The average juror is prone to give great weight to what the trial judge says and permits during the progress of a trial and upon him, therefore, rests the double responsibility of keeping counsel within due bounds and himself refraining from untoward remarks and suggestions.

It was also improper to permit Solon Reilly, Sr. to testify that Reilly, Jr. fell into a particular hole in the platform, his knowledge thereof being based solely upon what the witness Denton had told him. We call attention to these matters without assigning them as reversible error.

Certain portions of the charge of the trial court to the jury are singled out as improper statements of the law, but none of them, we think, can, considering the charge as a whole, be considered as prejudicial. Incidentally, we call attention to:

Davis v Guarnieri, 45 Oh St, 470;
Kennedy, Admr. v Byers, 107 Oh St, 90;
Railroad v Aigler, 10 Oh Ap, 195.

The evidence shows that Reilly's fall and death occurred in mid-morning, that the day was bright and the sun shining, with some testimony that the canopy over the runway obscured the light, in some degree at least; that Denton and Reilly passed over this same runway or platform on their way from the train to the station, and that they had been told they need not hurry, "there was plenty of time." The trial court not having instructed the jury in his general charge on the subject of contributory negligence, counsel for plaintiff in error specifically requested the court to do so. This request was refused, counsel duly excepting thereto. The evidence was such as to make this request proper and the refusal of the court to comply therewith, prejudicial error.

We find no reversible errors in the record except that the verdict and judgment are manifestly against the weight of the evidence and that the trial court erred in refusing to instruct the jury on the issue of contributory negligence. The judgment is reversed and the cause remanded to the Court of Common Pleas for a new trial.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.